Frank M. Hesse v. Commissioner.
Hesse v. Commissioner
Docket No. 9586.
United States Tax Court
1946 Tax Ct. Memo LEXIS 86; 5 T.C.M. (CCH) 781; T.C.M. (RIA) 46218; September 11, 1946
Lee W. Eckels, Esq., for the petitioner. Stanley L. Drexler, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in income and victory tax for the year 1943 in the amount of $4,821.67. The respondent held that payments made to a divorced wife, Tuckie G. Hesse, in the years 1942 and 1943; and payments made to another divorced wife, Edith R. Hesse, in the year 1943 did not constitute allowable deductions under section 23 (u) of the Internal Revenue Code. Petitioner filed his returns with the collector for the twenty-third district of Pennsylvania.
Findings of Fact 1. Prior to June 26, 1936, petitioner was married to Tuckie G. Hesse. Of this marriage there were two children. On June 26, 1936, Tuckie G. Hesse obtained *87 a decree of absolute divorce from petitioner, which, in the state of Pennsylvania, is described as a divorce from the bonds of matrimony. Petitioner left his wife, Tuckie G. Hesse, in September, 1933. On June 1, 1934, he and his then wife entered into an agreement under which petitioner agreed to pay Tuckie G. Hesse $400 a month for the support of herself and the two children. This agreement was a separation agreement. Also, under this agreement, petitioner agreed to establish a trust fund to provide a college education for each of his children; and he agreed to continue life insurance for the benefit of his wife and children. At the time this agreement was made, the parties were not looking toward a divorce. Petitioner continued to make payments under this agreement until his then wife harrassed him and made his situation intolerable to him. He then stopped making payments. Mrs. Hesse instituted a desertion and non-support proceeding against petitioner in the County Court of Allegheny on May 21, 1935. This proceeding was not pursued, petitioner agreeing to resume payments under the agreement of June 1, 1934. In the early part of 1936 an attorney for Mrs. Hesse discussed with petitioner's *88 attorney the matter of permanently settling the differences between the parties through a divorce proceeding, and Mrs. Hesse's attorney advised petitioner's attorney that Mrs. Hesse might institute a proceeding for a divorce from bed and board in Pennsylvania, or she might go to live in some other state and sue to get a divorce in order to get a substantial provision for alimony. As a result of these discussions, three documents were executed on February 14, 1936, by petitioner and Tuckie G. Hesse. Petitioner agreed to pay his then wife $400 a month for the support of herself and the two children (of which $100 was for the support of the two children, $50 each); and petitioner agreed to pay his then wife $10,000 in installments beginning on December 31, 1936, and ending on December 31, 1941. Petitioner also agreed to provide a college education to each of his children. As security for these undertakings, petitioner executed an assignment of 55 percent of his salary to Mrs. Hesse; and he paid $1,700 to a trust company to start the education trust fund. At the time these documents were drafted and executed, it was understood that Mrs. Hesse intended to commence an action in divorce on *89 the grounds of desertion against petitioner. Petitioner agreed to pay the attorneys' fees and costs of the divorce proceeding. The agreements of February 14, 1936, were to be held in escrow pending the entry of a final decree of divorce, and if Mrs. Hesse did not secure a divorce, for any reason, the agreements were to be considered as null and void. Mrs. Hesse instituted divorce proceedings on February 17, 1936. The decree of divorce was entered on June 26, 1936. During the years 1942 and 1943 petitioner made periodic payments to Tuckie G. Hesse pursuant to the agreements executed February 14, 1936. These payments amounted to $4,800 in 1942 and $4,200 in 1943. Petitioner claimed deductions under section 23 (u) of the Internal Revenue Code in the returns for each of the years 1942 and 1943 in the amount of $3,600, for each year. Under the agreement of February 14, 1936, petitioner was obligated to pay Tuckie G. Hesse, for her own support, $300 per month. 2. Petitioner remarried on September 24, 1936. He married Edith Richardson Hesse. There was one child, a son, born from this marriage. At the end of 1942 the shadow of a divorce proceeding fell over this *90 marriage, and on January 27, 1943, Edith R. Hesse filed a libel in divorce in the Court of Common Pleas of Allegheny County against petitioner, praying for a divorce from bed and board, and for alimony under section 47 of the divorce law of Pennsylvania. Petitioner was unwilling to have a court decide how much alimony might be decreed, preferring to enter into an agreement which would become effective in the event that Edith R. Hesse obtained an absolute divorce. Petitioner's attorney discussed with the attorney for Edith R. Hesse the making of an agreement between the parties which would be a substitute for alimony which she would receive under a limited divorce. An agreement was executed by the parties on June 1, 1943. The agreement of June 1, 1943, recites that Edith R. Hesse had filed a libel for a decree of divorce from "bed and board with alimony" on January 27, 1943, and had presented a petition to the court praying for alimony pendente lite, and that differences had arisen between the parties with respect to the question of alimony and other matters, and that both parties desired to settle all questions pertaining to alimony and the support of their son. The parties agreed *91 as follows: That petitioner would pay $350 a month for six months, and $250 monthly, thereafter, as alimony for the support and maintenance of Edith R. Hesse until she might remarry. However, it was provided that "under no circumstances shall such monthly payments continue for a period longer than 18 years from the date hereof." Also, petitioner agreed to pay an additional sum of $100 a month while both parties were living for the support and maintenance of the minor son, but such monthly payments were to continue only for a period of 18 years. Petitioner agreed to pay the fees of Edith R. Hesse's attorney. He agreed to continue payments of the premiums on an insurance policy of which the minor son was a beneficiary; and to continue to keep in effect two insurance policies naming Edith R. Hesse as the beneficiary, except that upon her remarriage or death her interest in the policies should terminate. Edith R. Hesse agreed to accept the monthly payments totaling $350 during the first six months and $250 thereafter, and the monthly payments of $100 for the support of the minor son in full settlement of the action pending for alimony and of "any other action, suit or claim which she *92 may now have or may in the future have against the first party for alimony, maintenance and support, and for the maintenance and support of said minor son, * * *;" and she agreed that she would not bring any other action or judicial proceeding against petitioner for alimony, maintenance or support. On June 3, 1943, Edith R. Hesse caused the libel in divorce which was pending to be amended so that the libel prayed for the divorce from the bonds of matrimony under section 10 of the Divorce Law of Pennsylvania. The attorneys for the parties arranged to have the agreement of June 1, 1943, held in escrow by another attorney, to be delivered to Edith R. Hesse when she secured an absolute divorce; but in the event that no such decree was obtained and the parties remained husband and wife, then the agreement was to be destroyed, that is, the agreement was to be destroyed in the event Edith R. Hesse did not obtain an absolute divorce. On August 26, 1943, a decree of divorce from the bonds of matrimony was granted to Edith R. Hesse by the Court of Common Pleas. Petitioner and Edith R. Hesse amended the agreement of June 1, 1943, on August 31, 1943, the amendment being made retroactive *93 to June 1st. Under the amendment it was agreed that the monthly payments for the first six months would be $250, and thereafter $150, for so long as Edith R. Hesse continued to reside in the house owned by petitioner. It was provided that the monthly payments were made "as alimony for her support and maintenance while both parties are living and until the second party remarries." During the period from August 26 to December 31, 1943, petitioner paid Edith R. Hesse the sum of $1,650 pursuant to the agreement of June 1, 1943, as amended on August 31, 1943. Petitioner claimed a deduction in the amount of $1,150 in his return for 1943 under section 23 (u), such amount being the total of periodic payments which were made to Edith R. Hesse for her support and maintenance. Opinion Petitioner contends that he is entitled to deductions under section 23 (u) of the Internal Revenue Code for payments made in 1942 and 1943 to two former wives, both of whom were granted absolute divorces from petitioner. In the proceeding of Tuckie G. Hesse, Docket No. 9623, promulgated on September 10, 1946, we held that the payments which petitioner made to her in 1942 and 1943 *94 were includible in her gross income under section 22 (k). It follows that petitioner is entitled to deductions under section 23 (u) for payments made to her under the agreement of February 14, 1936. With respect to the payments made to Edith R. Hesse, there can be no doubt that they were made in discharge of a legal obligation incurred by petitioner under a written instrument incident to a divorce. The facts show that the agreement of June 1, 1943, as amended on August 31, 1943, was executed by the parties incident to the suit for an absolute divorce which Edith R. Hesse instituted and was granted. Hence the payments come within section 22 (k), and petitioner is entitled to deduction therefor under section 23 (u). It is so held. Decision will be entered under Rule 50.